UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

DAVID FRANKLIN HOLMES and
ANITA JANE HOLMES,

                Debtors.

Case No. A11-00225-DMD
Chapter 7

**Filed On
2/2/12**

## MEMORANDUM ON TRUSTEE'S OBJECTION TO
## AMENDED EXEMPTIONS

        Larry Compton, the chapter 7 trustee, has filed an objection to the debtors' amended exemptions. Specifically, the trustee objects to the debtors' claimed exemptions in the cash value of a permanent life insurance contract under 11 U.S.C. §§ 522(d)(5) and (d)(8). He initially argued that only the debtor who owned the policy could claim these exemptions. Compton subsequently conceded that both David Holmes, as the policy owner, and Anita Holmes, as David's dependent, could take the § 522(d)(8) exemption. Still at issue is whether both debtors can apply the "wild card" exemption, § 522(d)(5), to the policy. The trustee argues that only the policy owner may claim the (d)(5) exemption. On this point, the trustee's objection will be sustained.

Case Background

        The debtors, David and Anita Holmes, filed for relief under chapter 7 of the Bankruptcy Code on March 25, 2011. On August 1, 2011, they amended their Schedule C to exempt, under 11 U.S.C. §§ 522(d)(5) and (d)(8),[1] a Prudential Life Insurance policy

---

[1] All section references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, unless otherwise indicated.

having a cash value of $59,033.56. David Holmes is the policyholder and Anita Holmes is the beneficiary on the policy.[2] David and Anita each claimed $11,525.00 of the cash value of the policy exempt under § 522(d)(8).[3] Under the "wild card" provision of § 522(d)(5), David exempted an additional $6,710.00 of the cash value of the policy and Anita exempted the maximum allowable under (d)(5), $11,975.00.[4] The total of the exemptions claimed in the policy was $49,592.00.

The trustee filed a timely objection to these exemptions.[5] He argued that Anita could not take the (d)(8) exemption because she was not an owner of the policy. Similarly, he objected to Anita's (d)(5) exemption on the grounds that she did not have an "interest" in the policy. The trustee subsequently conceded that Anita, as a dependent of David, qualified for a separate (d)(8) exemption in the cash value of the policy.[6] He proposes allowing the two (d)(8) exemptions and David's (d)(5) exemption, with the result that $29,860.00 of the policy's cash value would be exempt. The non-exempt portion of the policy would be $29,173.56.[7] The trustee also contends that the $4,100.00 remainder of a loan taken against

---

[2] Although the policy itself is not before the court, the parties agree that David is the insured and Anita is the beneficiary of the policy. The trustee has also provided copies of two documents which indicate that David is the insured or the owner of the policy. *See* Debtors' Opp'n to Trustee's Obj. to Am. Exemptions, filed Dec. 30, 2011 (Docket No. 33); Trustee's Resp. to Debtors' Opp'n, filed Jan. 12, 2012 (Docket No. 36).

[3] *See* Am. Schedule C - Property Claimed as Exempt, filed Aug. 1, 2011 (Docket No. 29)

[4] *Id.*

[5] *See* Trustee's Obj. to Am. Exemptions, filed Aug. 18, 2011 (Docket No. 32).

[6] *See* Trustee's Resp. to Debtors' Opp'n (Docket No. 36).

[7] This figure differs from the amount calculated in the trustee's Response (Docket No. 36). The correct amount of the § 522(d)(8) exemption is $11,525.00, rather than the $11,975.00 figure used by the trustee in his calculations.

the policy should not be deducted from the policy's net value to the estate. He says the loan balance should be debited against the debtors' interests in the policy because, although the loan was a revocable assignment, it is unlikely that the debtors would want it terminated.

The debtors oppose the trustee's objection.[8] They say the policy is marital property because it was purchased during their marriage and all premiums were paid with marital funds. They contend that, in a divorce, an Alaska state court would divide this asset equally. They also argue that if Anita is required to schedule her equitable interest, as beneficiary in the policy, she should be able to claim that interest exempt under both §§ 522(d)(5) and (d)(8).

Analysis

> 11 U.S.C. § 522(d) permits a debtor to exempt:
>
>> (5) The debtor's aggregate interest in any property, not to exceed in value $1,150 plus up to $10,825 of any unused amount of the exemption provided under paragraph (1) of this subsection.
>>
>> . . . .
>>
>> (8) The debtor's aggregate interest, not to exceed in value $11,525 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the

---

[8] Debtors' Opp'n to Trustee's Obj. to Am. Exemptions, filed Dec. 30, 2011 (Docket No. 33).

3

> debtor or an individual of whom the debtor is a dependent.[9]

Under § 522, a "dependent" includes the debtor's spouse, whether or not the spouse is actually dependent.[10] Further, in a joint bankruptcy case, such as this one, the exemptions provided by § 522(d) apply separately to each debtor.[11]

*Collier* explains that the § 522(d)(8) exemption "allows the debtor to exempt up to $11,525 in the loan value of a life insurance policy owned by the debtor."[12] "The debtor is entitled to the exemption if the insured is the debtor or an individual of whom the debtor is a dependent."[13] Anita is a dependent of David,[14] and David is the insured. The loan value of the policy is $53,130.20.[15] Thus, both debtors can take the maximum (d)(8) exemption of $11,525.00 here. $23,050.00 of the loan value of the policy is exempt under this subsection.

Both debtors have also applied their wild card exemption against the cash value of the policy. They contend the policy is marital property and would be divided equally between them in a divorce proceeding. However, this is not a state court divorce proceeding. Further, the statutes and cases cited by the debtors do not support this position. In

---

[9] 11 U.S.C. § 522(d)(5), (8).

[10] 11 U.S.C. § 522(a)(1).

[11] 11 U.S.C. § 522(m); 4 *Collier on Bankruptcy* ¶522.04[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

[12] 4 *Collier on Bankruptcy* ¶522.09[8].

[13] *Id.*

[14] 11 U.S.C. § 522(a)(1).

[15] *See* "Contract Values Quotation" attached to the Trustee's Response (Docket No. 36).

4

determining the division of property in divorce proceedings, Alaska courts may protect one spouse's interest in the retirement benefits of the other spouse by requiring life insurance,[16] but the policy itself belongs to the policyholder unless it is subject to a community property agreement or community property trust.[17] There is no evidence that the policy under consideration here is subject to such an agreement or trust. David, as policyholder, is the owner of the policy.

Generally, "a spouse named as the beneficiary in a life policy issued to the other spouse has a mere expectancy in the policy that becomes a vested right only upon the death of the insured."[18] In accord with this view, the Alaska Supreme Court has noted:

> a life insurance policy exists pursuant to a contractual agreement, which vests some parties with property interests in the contract before the decedent's death. Thus it can be said that a survivor has a contractual interest in the property at the time of death, or, in the case where the surviving spouse is a life insurance beneficiary, that the property, previously owned by the decedent or a third party, "passed to the surviving spouse by reason of the decedent's death."[19]

In this bankruptcy proceeding, the property of each debtor's estate is determined under § 541. Property of the estate includes "all legal or equitable interests of

---

[16] *Conner v. Conner*, 68 P.3d 1232, 1238-39 (Alaska 2003).

[17] AS 34.77.120(c) provides that "the ownership interest in and proceeds of a policy issued during marriage that designates the spouse of the insured as the owner are the individual property of the owner without regard to the classification of property used to pay premiums on the policy."

[18] 4 *Couch on Insurance* § 64:2 (3d ed. 2011).

[19] *In re Estate of Maldonado*, 117 P.3d 720, 727 (Alaska 2005) (citation omitted).

5

the debtor in property *as of the commencement of the case.*[20] At the time of the filing of the petition, David was the owner of the policy. In this capacity, he has the right to surrender the policy for its cash value or borrow against its loan value.[21] David can take the wild card exemption in these rights, which have a determinable monetary value.

Anita's rights in the policy are distinguishable from David's.[22] They are tenuous because her rights to the policy proceeds will not accrue until the policy matures. As a beneficiary, she cannot cash in or borrow against the policy. However, if she were to become entitled to the policy proceeds within 180 days of the date the petition was filed, the proceeds would be pulled into the bankruptcy estate under § 541(a)(5), and she would be required to supplement her schedules within 14 days of acquiring knowledge of this fact.[23]

> There is one other circumstance in which the debtor may file a claim of exemption after the commencement of the case. Bankruptcy Rule 1007(h) recognizes that some types of property that the debtor acquires or becomes entitled to acquire after the commencement of the case may be property of the estate under section 541(a)(5). In that event, Rule 1007(h) requires the debtor to file supplemental schedules listing the asset as property of the estate and claiming that property as exempt, if appropriate, within 14 days after the debtor becomes aware of the property of the

---

[20] 11 U.S.C. § 541(a)(1) (emphasis added).

[21] *See, e.g., In re Sloss*, 279 B.R. 6, 10-11 (Bankr. D. Mass. 2002) (discussing rights of owner and beneficiary and standard provisions found in whole life policies).

[22] *Id.*

[23] Fed. R. Bankr. P. 1007(h).

6

estate. Moreover, the debtor must file the schedules even if the case is closed.[24]

If the policy were to mature within the 180-day time frame stated in § 541(a)(5), Anita would be able to claim the proceeds exempt "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."[25] But until Anita's right to receive the policy proceeds accrues, her interest as beneficiary of the policy is a mere expectancy. She cannot take the § 522(d)(5) exemption in this expectancy interest.

The court notes that David applied a portion of his wild card exemption to assets in which Anita could have also applied the wild card exemption.[26] If the debtors were to amend their exemption schedule and apply Anita's wild card exemption to these assets, David could then use the entirety of his wild card exemption, $11,975.00, against the cash value of the policy. If this were to occur, the total of exemptions taken in the policy would be $35,025.00 and the debtors' available exemptions would be maximized. The calculation is as follows:

| | |
|---|---|
| Cash value of policy: | $59,033.56 |
| Less David's § 522(d)(5) exemption: | <11,975.00> |
| Less David's § 522(d)(8) exemption: | <11,575.00> |
| Less Anita's § 522(d)(8) exemption: | <11,575.00> |
| Balance of policy value (non-exempt): | $24,008.56 |

---

[24] 4 *Collier on Bankruptcy* ¶ 522.05[1] (footnotes omitted).

[25] 11 U.S.C. § 522(d)(11)(C).

[26] *See* Am. Schedule C - Property Claimed as Exempt (Docket No. 29) at 1. David applied a portion of his § 522(d)(5) exemption to cash on hand ($85.00), Wells Fargo bank accounts ($4,280.00), and a security deposit with Raven Senior Housing ($900.00), which are all listed as joint assets on Schedule B. *See* Schedule B - Personal Property, filed Mar. 25, 2011 (Docket No. 1 at 10).

If the debtors do not amend their wild card exemptions, the non-exempt portion of the policy would increase by $5,265.00, which is currently the amount of David's wild card exemption that has been applied to other assets in this estate.

For the foregoing reasons, the trustee's objection to Anita's exemption of the life insurance policy under § 522(d)(5) is sustained.  An order will be entered consistent with this memorandum.

DATED:  February 2, 2012.

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  M. Clark, Esq.
        E. LeRoy, Esq.
        L. Compton, Trustee
        U. S. Trustee

02/02/12

8